UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

February 27, 2006

Memo to Counsel Re: MDL-15863, Putnam Subtrack;
*Walsh v. Marsh & McLennan Cos., Inc.*
Civil No. JFM-04-0888

Dear Counsel:

The purpose of this letter is to rule upon the Marsh & McLennan Defendants' motion to dismiss the ERISA complaint filed by Barbara Walsh ("Walsh") in the Putnam subtrack. Named as defendants are Marsh & McLennan Companies, Inc. ("MMC"), MMC Stock Investment Plan Committee ("Plan Committee"), Putnam Investments Trust ("Investments Trust"), Putnam Investments, LLC ("Putnam Investments"), J.W. Greenberg ("Greenberg"), Sandra S. Wijnberg ("Wijnberg"), Sandra Wright ("Wright"), and William L. Rosoff ("Rosoff").[1] In accordance with Judge Blake's opinion in the *Strong* subtrack, *In re Mutual Funds Inv. Litig.*, 403 F. Supp. 2d 434 (D. Md. 2005),[2] with which I fully agree, my rulings are as follows:

I.   Standing

Walsh has statutory standing to pursue her claims for relief under ERISA § 502(a)(2). *Strong* at 440-42. She does not, however, have standing under ERISA § 502(a)(3) to obtain equitable relief from the defendants in the form of constructive trusts or restitution. *Id*. at 443. As for whether she

---

[1] Bankers Trust Company was also included in the original complaint, but was dismissed by stipulation filed April 12, 2005.
[2] Throughout the remainder of this letter I will use the following short-form citation for Judge Blake's opinion: *Strong* at [page number(s) from F. Supp. 2d].

has constitutional standing, I find that Walsh satisfies the redressability and causal connection requirements. *Id*. at 443-44. That is not the end of the inquiry, however, as the MMC defendants, unlike the defendants in the other subtracks, also contest Walsh's satisfaction of the injury-in-fact requirement.

Financial statements submitted by the defendants establish that Walsh was invested in MMC stock only and not in any Putnam funds, which Walsh makes no attempt to rebut. And historical price data show that MMC stock had only a minimal price decrease (slightly more than 1%) during the one-year period immediately following Elliot Spitzer's public announcement about market timing and late trading in the mutual fund industry, which the MMC defendants claim is the most "relevant" time period for the purposes of this litigation. Because the financial impact on Walsh's retirement account was small, and because she did not hold shares in any mutual funds, the MMC defendants argue that she cannot establish that she suffered any harm. I disagree.

First, even under their definition of the most "relevant" time period, Walsh still suffered a financial loss in her retirement portfolio. Any argument about the level of loss and how that affects her case is therefore properly considered in the context of whether the stock was an imprudent investment under ERISA, which I discuss below. Second, unlike the securities cases, these ERISA actions do not challenge the legality of market timing and late trading *per se*. Instead, Walsh and her fellow plaintiffs challenge the prudence of ERISA fiduciaries adding or continuing to keep as Plan investment options securities—mutual funds and parent stock alike—that were allegedly *impacted* by market timing and late trading. Thus, it does not matter, at least for the purpose of constitutional standing, that Walsh was not invested in the funds in which such trading practices occurred. I therefore find that she has satisfied the injury-in-fact requirement, and that she has constitutional standing.

II.     Pleading Standard

Walsh's complaint need only meet the Fed.R.Civ.P. 8 notice pleading requirements. *Id*. at 440-41. I discuss below whether she has met this requirement with respect to each defendant.

III.    Fiduciary Status

ERISA "fiduciary status [is not] an all-or-nothing concept. . . . [A] party is a fiduciary only as to the activities which bring the person within the definition. The statutory language plainly indicates that the fiduciary function is not an indivisible one. In other words, a court must ask whether a person is a fiduciary with respect to the particular activity at issue." *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992). Thus, before addressing whether Walsh has adequately pled facts to establish the ERISA fiduciary status of the various defendants, it is first necessary to delineate the theories of fiduciary liability that Walsh is pursuing.

Included in Walsh's complaint are the following causes of action: 1) violating the duties of prudence and loyalty by including or failing to remove from the Plan MMC stock and the Putnam mutual funds in which market timing and late trading were occurring; 2) violating the prohibition on self-interested transactions by offering such securities as investment options; 3) misrepresenting the prudence of such securities to Plan participants; 4) violating the duty to monitor; and 5) incurring co-fiduciary liability. Walsh indicated at oral argument that she was abandoning the second and third causes of action, and I agree with Judge Blake that inconsistencies between Walsh's complaint and briefs militate against addressing the fourth and fifth causes of action at this time. *Strong* at 450 & nn.20-21.[3] That leaves only the prudence and loyalty claims to be considered.

---

[3] Walsh may seek leave to amend her complaint, consistent with this opinion, within 40 days or by another date as set by the court upon request. If she does so, I recommend that she pay particular attention to footnote thirteen in Judge Blake's opinion, as well as the requirement, discussed below, that she plead specific facts to establish the *de facto* fiduciary status of defendants not named as fiduciaries in Plan documents.

Because I am only addressing these two claims, the particular fiduciary activities at issue are the addition and/or deletion of investment options from the Plan. As Judge Blake discussed in her opinion, there are two means by which Walsh can establish that a defendant had the fiduciary authority to engage in such activities: demonstrate that the defendant is a named Plan fiduciary that was assigned such authority, or plead specific facts that show the defendant performed specified discretionary functions with respect to the Plan's investment options such that it was a *de facto* fiduciary. *Id*. at 445. For the latter category of defendants, her factual allegations must amount to more than a mere recitation of the statutory language defining a fiduciary's roles. *Id*. at 446 (discussing *Custer v. Sweeney*, 89 F.3d 1156 (4th Cir. 1996)).

Having considered Walsh's complaint and the Plan documents, I conclude that she has succeeded in establishing the fiduciary status of only one defendant: the Plan Committee. Her prudence and loyalty claims against the remaining defendants are therefore dismissed. I will now address the allegations against each defendant in turn.

    A.    <u>Plan Committee</u>

During the class period there were two named fiduciaries with authority over the securities included as investment options within the Plan. From 1996 until 2003 that authority rested with the Investment Committee. After 2003 the Benefits Investment Committee took over. Walsh has not included the latter as a defendant, and has not technically included the former either. However, her designation of the Plan Committee as a defendant —the full title of which she claims is the "Stock *Investment* Plan *Committee*," Compl. ¶13 (emphasis added)—is a sufficiently close description of the Investment Committee for me to conclude that they are one and the same. Moreover, although Walsh mischaracterizes the authority of the Investment Committee as that of Plan Administrator, a title actually held by the Administrative Committee, *id*., she also alleges that the Investment

Committee had the "discretionary authority to add and/or remove investment options under the Plan . . . ." *Id*. Because that is correct, I will not dismiss her prudence/loyalty claims against the Investment Committee. She should, however, amend her complaint to properly identify the defendant.[4]

    B.    <u>MMC</u>

MMC is not a named fiduciary. Although it is the Plan Sponsor, this role by itself does not confer *de facto* fiduciary status. *Strong* at 447. Walsh's *respondeat superior* theory is likewise insufficient to establish MMC as a *de facto* fiduciary, as a principal can be held liable for its agent's violation of ERISA only if the principal is an ERISA fiduciary to begin with. *Id*. at 447 n.15 (citing *Crowley v. Corning*, 234 F. Supp. 2d 222, 228 (W.D.N.Y. 2002)).

    C.    <u>Investment Trusts and Putnam Investments</u>

Investment Trusts and Putnam Investments are not named fiduciaries. They both provided investment services to the mutual funds included within the Plan, but that is not a fiduciary function. *Id*. at 447. While it is true that if the defendants provided investment advice, "direct or indirect, with respect to any moneys or other property of such plan," ERISA § 3(21)(A), they would be considered *de facto* fiduciaries, Walsh has pled no facts from which to infer that the defendants did indeed provide such advice. *Strong* at 447 & n.16.

---

[4] The defendants state that the Investment Committee was bound by the Plan's terms that investments be primarily in MMC stock, implying that it cannot be held liable for retaining the security as an investment option even if it was imprudent. But an ERISA fiduciary's responsibility is first and foremost to the Plan participants. Thus a fiduciary cannot take refuge in Plan documents if the result of its conduct is a violation of ERISA's requirement of fiduciary prudence and loyalty. ERISA § 404(a)(1)(D) ("[A] fiduciary shall discharge his duties with respect to a plan *solely in the interest of the participants and beneficiaries* and . . . in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and title IV.") (emphasis added).

D.  Greenberg, Wright, and Rosoff

Greenberg, Wright, and Rosoff are not named fiduciaries. That they signed SEC documents on behalf of MMC or the Plan is not enough to establish that they possessed the *de facto* fiduciary authority to add or remove investment options from the Plan. *Id*. at 448 (quoting *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207 (D. Kan. 2004)).

E.  Wijnberg

Walsh incorrectly characterizes Wijnberg as a Trustee of the Plan, a role that actually was performed by two entities: State Street Bank and Trust Company, and Deutsche Bank Trust Company Americas. Thus, Wijnberg is not a named fiduciary, and like the individual defendants above, the fact that she signed SEC documents on behalf of the Plan is not enough to establish her status as a *de facto* fiduciary. *Id*.

IV.  *Moench* Presumption

As for the merits of the prudence and loyalty claims against the Investment Committee, for the same reasons given by Judge Blake I will not grant the motion to dismiss based on Walsh's alleged failure to overcome the *Moench* presumption. *Id*. at 448-50.

Despite the informal nature of this letter, it should be flagged as an opinion. I ask that within thirty days from today the parties please submit orders reflecting the rulings made herein.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge